ILIAS LELEKAKIS, Appellant, v STANLEY KAMAMIS et al., Respondents. [771 NYS2d 723]—

In an action, inter alia, to compel specific performance of a purported agreement to sell certain real property to the plaintiff, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Queens County (Price, J.), dated October 18, 2002, as granted the motion of the defendant Olga Kamamis for partial summary judgment dismissing the first cause of action for specific performance of the purported agreement insofar as asserted against her and granted the defendants' separate motion for leave to serve an amended answer asserting the statute of frauds as an affirmative defense with respect to the defendant Olga Kamamis, and (2) so much of an order of the same court dated April 14, 2003, as granted the defendants' motion to amend a prior order of the same court dated March 18, 2002, granting the plaintiff a preliminary injunction enjoining, inter alia, termination of the plaintiff's tenancy or encumbering the property, to provide that the preliminary injunction was applicable only to the defendant Stanley Kamamis.

Ordered that so much of the order dated October 18, 2002, as granted the motion of the defendant Olga Kamamis for partial summary judgment dismissing the first cause of action for specific performance of the purported agreement insofar as asserted against her is affirmed; and it is further,

Ordered that the plaintiff's appeal from so much of the order dated October 18, 2002, as granted the defendants' separate motion for leave to serve an amended answer asserting the statute of frauds as an affirmative defense with respect to the defendant Olga Kamamis is dismissed as academic in light of our determination with respect to her motion for partial summary judgment; and it is further,

Ordered that the order dated April 14, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

Partial summary judgment was properly granted to the defendant Olga Kamamis dismissing the first cause of action for specific performance of the alleged option to purchase certain

real property owned by the defendants as tenants by the entirety insofar as it was asserted against her. The plaintiff acknowledges that he did not enter into any agreement with Olga Kamamis to purchase her interest in the property. In his complaint, the plaintiff acknowledges that Olga Kamamis was a record owner of the property together with Stanley Kamamis. He further acknowledges that he entered into the purported agreement to purchase the property with the defendant Stanley Kamamis, who allegedly misrepresented that he was sole owner of the property. The plaintiff relied upon that alleged misrepresentation without attempting to verify who was owner of record.

Since it is undisputed that there was no agreement, oral or written, with Olga Kamamis, the question of whether the defendants' amendment of the answer to assert the statute of frauds with respect to Olga Kamamis was proper is academic. The issue here is not whether an oral agreement with Olga Kamamis is enforceable but whether there was any agreement with her at all. There is no basis in the record to conclude that Olga Kamamis should be charged with adoption of the plaintiff's alleged written agreement with Stanley Kamamis. The plaintiff cannot argue that he relied upon Stanley Kamamis' authority to act on behalf of Olga Kamamis when he did not know of her existence.

The granting of partial summary judgment on this record was not premature, as there was only hope and speculation as to what additional discovery would uncover (*see Rodgers v Yale Univ.*, 283 AD2d 415 [2001]).

The plaintiff's remaining contention is without merit. Smith, J.P., Goldstein, H. Miller and Townes, JJ., concur.