■ Ernest Hemingway et al., Appellants, v New York City Health and Hospitals Corporation et al., Respondents. [787 NYS2d 86]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Queens County (Flug, J.), dated August 20, 2003, which granted the motion of the defendants New York City Health and Hospitals Corporation and Queens Hospital Center, and the separate motion of the defendant New York Blood Center for summary judgment dismissing the complaint insofar as asserted against each of them, and denied their cross motion, among other things, to strike the defendants' answers pursuant to CPLR 3126, based upon the spoliation of evidence.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them. A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). The defendants demonstrated the absence of any triable issue of fact with respect to the plaintiffs' claims concerning the infant plaintiff's receipt of tainted blood at the defendant Queens Hospital Center, which is operated by the defendant New York City Health and Hospitals Corporation. Therefore, the motions made out a prima facie case for summary judgment as to each of the defendants (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Zuckerman v City of New York, supra*). In opposition, the plaintiffs failed to raise a triable issue of fact.

Since the defendant hospital disposed of the subject blood donor records in a manner consistent with regulatory requirements (*see* 10 NYCRR 58-2.10 [a]), and before the plaintiffs' negligent screening theory was raised, the denial of that branch

of the plaintiffs' cross motion which was to strike the answers based upon the spoliation of evidence was proper (*see Smith v New York City Health & Hosps. Corp.*, 284 AD2d 121 [2001]; *see generally Kirkland v New York City Hous. Auth.*, 236 AD2d 170 [1997]).

The grant of summary judgment on this record was not premature, as there was only hope and speculation as to what additional discovery would uncover (*see Lelekakis v Kamamis*, 4 AD3d 507 [2004]; *Rodgers v Yale Univ.*, 283 AD2d 415 [2001]).

The plaintiffs' remaining contentions are without merit. Florio, J.P., Krausman, Cozier and Mastro, JJ., concur.