SALLY GRAY et al., Appellants, v MELISSA DEMBECK et al., Defendants, and JERRY R. SIMCIK et al., Respondents. [853 NYS2d 155]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Allesandro, J.), dated January 30, 2007, as granted the motion of the defendants

Jerry R. Simcik and Island Nameplate, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Jerry R. Simcik and Island Nameplate, Inc., for summary judgment dismissing the complaint insofar as asserted against them is denied.

The plaintiffs, who were passengers in a motor vehicle owned by the defendant Island Nameplate, Inc. (hereinafter Island), and operated by the defendant Jerry R. Simcik (hereinafter Simcik), seek damages for personal injuries allegedly sustained as a result of a two-vehicle collision that occurred at approximately 8:50 P.M. on May 13, 2005, at the intersection of Echo Lake Road and Golf Links Road in the Town of Waywayanda, County of Orange. At that date, time, and place, the Simcik vehicle was proceeding in its lane of travel on Golf Links Road, a two-lane road with a lane of traffic in each direction separated by a double yellow line, at a speed somewhat under the 35 mile-per-hour speed limit. The defendant Melissa Dembeck (hereinafter Dembeck), operated the second vehicle on Golf Links Road in the opposite direction, intending to make a left hand turn onto Echo Lake Road at the four-way intersection.

Dembeck testified at her deposition that both vehicles had activated left directional signals and, believing that Simcik was about to turn left in his opposite direction of travel, she initiated her own left turn at the intersection. At his deposition, Simcik denied that his left directional signal was on, stating that his most recent turn had been to the right, he did not intend on making any turn at the intersection, and he remained at all times in his own lane of travel. The accident occurred within the intersection when Dembeck turned left into the path of Simcik's oncoming vehicle, which traveled straight.

In the order appealed from, the Supreme Court granted Simcik and Island summary judgment on the issue of common-law liability, finding that Dembeck's failure to yield the right-of-way to Simcik in violation of Vehicle and Traffic Law § 1141 was the sole proximate cause of the accident.

Simcik and Island established their prima facie entitlement to summary judgment by demonstrating that Dembeck failed to yield the right of way when making her left-hand turn at the intersection, in violation of Vehicle and Traffic Law § 1141. While Dembeck's violation of Vehicle and Traffic Law § 1141 constituted negligence (see Gabler v Marly Bldg. Supply Corp., 27 AD3d 519, 520 [2006]; Nunziata v Birchell, 238 AD2d 555,

556 [1997]) and is a basis for a finding of liability against her (*see Casaregola v Farkouh,* 1 AD3d 306, 307 [2003]), there may be more than one proximate cause of an occurrence, raising issues of comparative negligence (*see Scibelli v Hopchick,* 27 AD3d 720 [2006]; *Boston v Dunham,* 274 AD2d 708, 709-710 [2000]). Here, issues of fact exist as to whether Simcik's left turn signal was activated and, if so, whether by activating his left turn signal under the circumstances then present, Simcik violated the standard of reasonable care expected of drivers and contributed to the occurrence of the accident by falsely manifesting an intention to turn left (*see Casaregola v Farkouh,* 1 AD3d 306, 307 [2003]; *DiSalvo v Hiller,* 2 AD3d 1386, 1387 [2003]; *Harris v Moyer,* 255 AD2d 890, 891 [1998]). Therefore, the Supreme Court should have denied the motion of Simcik and Island for summary judgment dismissing the complaint insofar as asserted against them. Spolzino, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.