■ BRENDA LYNCH, Appellant, v DOBLER CHEVROLET, INC., et al., Respondents. [855 NYS2d 172]—

The defendants established their entitlement to judgment as a matter of law by demonstrating, through the deposition testimony of the defendant James J. Schnitzer, that the plaintiff violated Vehicle and Traffic Law § 1141, when she made a left-hand turn directly into the path of the defendants' oncoming vehicle (*see Maloney v Niewender*, 27 AD3d 426 [2006]; *Moreback v Mesquita*, 17 AD3d 420, 421 [2005]). Notably, Schnitzer testified that the highest speed his car attained just prior to the accident was 40 miles per hour, the speed limit on Stewart Avenue, the roadway along which he had been driving. However, the evidence the plaintiff submitted in opposition to the motion, including, inter alia, the properly-notarized affidavit of nonparty eyewitness Jessica Lubeski, raised a triable issue of fact as to whether, immediately prior to the accident, Schnitzer was speeding and thus as to whether he was free from comparative negligence (*see Guzman v Bowen*, 38 AD3d 837, 838 [2007]). Lubeski averred that immediately prior to the collision, she observed the defendants' motor vehicle pass her motor vehicle on Stewart Avenue at a speed of, at least, 85 miles per hour, and shortly thereafter, heard a loud bang and recognized Schnitzer's vehicle as one of the two cars involved in the collision. "A lay witness is ordinarily permitted to testify as to the estimated speed of an automobile based upon the prevalence of automobiles in our society and the frequency with which most people view them at various speeds" (*Shpritzman v Strong*, 248 AD2d 524, 525 [1998]). A trier of fact could draw a reasonable inference from these facts, short of speculating, that Schnitzer's speed may have been a factor in the happening of the accident (*see Alexander v Eldred*, 63 NY2d 460, 468 [1984]; *Demshick v Community Hous. Mgt. Corp.*, 34 AD3d 518, 520 [2006]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.

The appeal from the order dated April 19, 2007, denying the plaintiff's motion for leave to renew and reargue the defendants' prior motion for summary judgment dismissing the complaint, must be dismissed as it has been rendered academic in light of our determination on the appeal from the order dated October 3, 2006. In any event, the appeal from so much of the order dated April 19, 2007, as denied that branch of the plaintiff's motion which was for leave to reargue must also be dismissed

as no appeal lies from an order denying reargument. Rivera, J.P., Miller, Dillon and Belen, JJ., concur.