(Weiss, J.),
In an action to recover damages for personal injuries, the defendants Jaclyn Pistorino, Joseph Pistorino, and Teresa Pistorino appeal (1) from an order of the Supreme Court, Queens County dated June 24, 2011, which granted the plaintiff s motion for summary judgment on the issue of liability against the defendants Jaclyn Pistorino and Joseph Pistorino, and (2), as limited by their brief, from so much an order of the same court dated September 26, 2011, as granted the motion of the defendant Rudolph Allen for summary judgment dismissing the complaint and all cross claims asserted against him.
Ordered that the appeal by the defendant Teresa Pistorino from the order dated June 24, 2011, is dismissed, as she is not aggrieved thereby (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,
Ordered that the order dated June 24, 2011, is affirmed on the appeal by Jaclyn Pistorino and Joseph Pistorino; and it is further,
Ordered that the appeal by the defendants Jaclyn Pistorino, Joseph Pistorino, and Teresa Pistorino from so much of the order dated September 26, 2011, as granted that branch of the motion of the defendant Rudolph Allen which was for summary judgment dismissing the complaint insofar as asserted against him is dismissed, as those defendants are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,
Ordered that the order dated September 26, 2011, is reversed insofar as reviewed, on the law, and that branch of the motion of the defendant Rudolph Allen which was for summary judgment dismissing all cross claims asserted against him is denied; and it is further,
Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants Jaclyn Pistorino, Joseph Pistorino, and Teresa Pistorino, and one bill of costs is awarded to the defendants Jaclyn Pistorino, Joseph Pistorino, and Teresa Pistorino, payable by the defendant Rudolph Allen.
The plaintiff commenced this action to recover damages for personal injuries she sustained when a car operated by the defendant Jaclyn Pistorino and owned by the defendant Joseph Pistorino (hereinafter together the Pistorinos), in which the plaintiff was a passenger, collided with a vehicle owned and operated by the defendant Rudolph Allen. The plaintiff moved for summary judgment on the issue of liability against the Pistorinos. The Supreme Court granted the motion in an order dated June 24, 2011. In so doing, the Supreme Court found, *786 inter alia, that as between Jaclyn Pistorino and Allen, Jaclyn Pistorino was the sole proximate cause of the accident. Based solely upon that finding, Allen moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The Supreme Court granted Allen’s motion in an order dated September 26, 2011.
The plaintiff demonstrated her prima facie entitlement to judgment as a matter of law on the issue of liability against the Pistorinos by establishing that Jaclyn Pistorino violated Vehicle and Traffic Law § 1141 when she made a left turn directly into the path of Allen’s oncoming vehicle (see Ahern v Lanaia, 85 AD3d 696 [2011]; see Moreno v Gomez, 58 AD3d 611, 612 [2009]; Maloney v Niewender, 27 AD3d 426 [2006]). In opposition, the Pistorinos failed to raise a triable issue of fact. The right of the plaintiff, as an innocent passenger, to summary judgment is not “restricted by potential issues of comparative negligence” which may exist as between the Pistorinos and Allen (Medina v Rodriguez, 92 AD3d 850, 850 [2012]; see Silberman v Surrey Cadillac Limousine Serv., 109 AD2d 833 [1985]).
Further, contrary to the Pistorinos’ contention, the plaintiffs motion for summary judgment should not have been denied as premature, because the Pistorinos failed to demonstrate how discovery could lead to relevant evidence or that “facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff” (Lopez v WS Distrib., Inc., 34 AD3d 759, 760 [2006] [citation omitted]; see CPLR 3212 [f]; Brennan v Gagliano, 71 AD3d 620, 621 [2010]). The Pistorino’s mere hope and speculation that discovery might reveal some action on the part of the plaintiff that contributed to the accident is insufficient to support the denial of the plaintiffs motion (see Cortes v Whelan, 83 AD3d 763, 764 [2011]; Hemingway v New York City Health & Hosps. Corp., 13 AD3d 484, 485 [2004]).
The Supreme Court erred, however, in granting that branch of Allen’s motion which was for summary judgment dismissing all cross claims asserted against him. Allen’s motion was based entirely upon the preclusive effect of the finding made by the Supreme Court in deciding the plaintiffs motion for summary judgment, that, as between Jaclyn Pistorino and Allen, Jaclyn Pistorino was the sole proximate cause of the accident. However, the issue of the relative fault of Jaclyn Pistorino and Allen was not raised by the plaintiff in her motion. Correspondingly, the plaintiff did not demonstrate that, as between Jaclyn Pistorino and Allen, Jaclyn Pistorino was the sole proximate cause of the accident. Accordingly, the Supreme Court erred in so finding, *787 and in thereafter giving preclusive effect to that finding by granting that branch of Allen’s motion which was for summary judgment dismissing the cross claims asserted against him. That branch of Allen’s motion should, therefore, have been denied.
Skelos, J.E, Leventhal, Hall and Lott, JJ., concur.