■ Theresa Mazzullo, Respondent, v Jeff Loots et al., Appellants, and Raymond Hernandez et al., Respondents. [983 NYS2d 287]—

In an action to recover damages for personal injuries, the defendants Jeff Loots and Katarzyna Zarzycka appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated September 10, 2012, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff was a passenger in a vehicle owned by the defendant Raymond Hernandez and operated by the defendant Erica M. Hernandez (hereinafter together the Hernandez defendants), which collided with a vehicle owned by the appellant Jeff Loots (hereinafter the appellant driver) and operated by the appellant Katarzyna Zarzycka (hereinafter together the appellants). Following the accident, the plaintiff commenced this action. The appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending that the violation by Erica M. Hernandez (hereinafter the defendant driver) of Vehicle and Traffic Law § 1141 was the sole proximate cause of the accident. The Supreme Court denied the motion.

The appellants established their prima facie entitlement to judgment as a matter of law by demonstrating that the defendant driver violated Vehicle and Traffic Law § 1141 when she made a left turn directly into the path of the vehicle operated by the appellant driver, and that this violation was the sole proximate cause of the accident (*see Anzel v Pistorino*, 105 AD3d 784, 786 [2013]; *Ducie v Ippolito*, 95 AD3d 1067 [2012]; *Socci v Levy*, 90 AD3d 1020, 1021 [2011]; *Ahern v Lanaia*, 85 AD3d 696 [2011]; *Loch v Garber*, 69 AD3d 814, 815 [2010]). However, in opposition to the appellants' prima facie showing, the Hernandez defendants raised a triable issue of fact as to whether the appellant driver may have been comparatively at fault in the occurrence of the accident (*see Gray v Dembeck*, 48 AD3d 748, 750 [2008]; *DiSalvo v Hiller*, 2 AD3d 1386, 1387 [2003]; *Harris v Moyer*, 255 AD2d 890, 891 [1998]). Accordingly, the Supreme Court properly denied the appellants' motion. Eng, P.J., Dillon, Maltese and Duffy, JJ., concur.