■ JACK CATTAN, a Infant, by His Father and Natural Guardian, JUDAH CATTAN, et al., Respondent, v ISAAC A. SUTTON et al., Respondents, and V. KONSTANTINOVSKY et al., Appellants. [990 NYS2d 848]—

In an action to recover damages for personal injuries, etc., the defendants V. Konstantinovsky and Zack Konstantinovsky appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated August 6, 2013, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On the morning of November 17, 2010, the infant plaintiff allegedly was injured when he was involved in a motor vehicle accident as a rear seat passenger in a motor vehicle operated by the defendant Louise F. Sutton (hereinafter Louise) and owned by the defendant Isaac A. Sutton. The other motor vehicle involved in the accident was operated by the defendant Zack Konstantinovsky (hereinafter Zack) and owned by the defendant V. Konstantinovksy (hereinafter together the Konstantinovsky defendants). The accident occurred in the intersection of Avenue K and East 17th Street in Brooklyn, as the Sutton vehicle was making a left turn onto East 17th Street from the eastbound lane of Avenue K and the Konstantinovsky

vehicle was traveling straight in the westbound lane of Avenue K.

The Konstantinovsky defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied their motion.

Although a driver with the right-of-way is entitled to anticipate that the other driver will obey the traffic laws requiring him or her to yield (*see Moreno v Gomez*, 58 AD3d 611, 612 [2009]), a driver is bound to see what is there to be seen through the proper use of his or her senses and is negligent for failure to do so (*see Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d 1055, 1056 [2013]; *Katanov v County of Nassau*, 91 AD3d 723, 725 [2012]; *Wilson v Rosedom*, 82 AD3d 970 [2011]). Moreover, there can be more than one proximate cause of a motor vehicle accident and, thus, the proponent of a summary judgment motion has the burden of establishing freedom from comparative fault as a matter of law (*see Simmons v Canady*, 95 AD3d 1201, 1202-1203 [2012]; *Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]). The issue of comparative fault is generally a question for the trier of fact (*see Fogel v Rizzo*, 91 AD3d 706 [2012]; *Gause v Martinez*, 91 AD3d 595 [2012]; *Allen v Echols*, 88 AD3d 926, 926 [2011]).

Here, the Konstantinovsky defendants failed to meet their prima facie burden of demonstrating their entitlement to judgment as a matter of law. In support of their motion, the Konstantinovsky defendants submitted, inter alia, excerpts of the deposition testimony of Zack and the infant plaintiff. Although this testimony demonstrated that Zack had the right of way when his vehicle came into contact with the vehicle driven by Louise, it was insufficient to establish, prima facie, that Zack's actions did not contribute to the happening of the accident and that Louise's alleged negligence was the sole proximate cause of the accident (*see Tapia v Royal Tours Serv., Inc.*, 67 AD3d 894, 895 [2009]; *Gray v Dembeck*, 48 AD3d 748, 749-750 [2008]; *Casaregola v Farkouh*, 1 AD3d 306, 307 [2003]; *Siegel v Sweeney*, 266 AD2d 200, 201-202 [1999]; *see also Guzman v Bowen*, 38 AD3d 837, 838 [2007]).

Since the Konstantinovsky defendants did not establish their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and we need not examine the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Chambers, J.P., Austin, Hinds-Radix and Duffy, JJ., concur.