■ Miran Choi et al., Appellants, v Douglas F. Schwaben-bauer, Respondent. [1 NYS3d 276]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Lane, J.), dated January 13, 2014, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment on the issue of liability in favor of the plaintiff Minwoo Lee, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Miran Choi was driving westbound on Northern

Boulevard in Queens, approaching its intersection with 207th Street, when the defendant, who was driving eastbound on Northern Boulevard, made a left turn in front of her vehicle, and the vehicles collided. The plaintiff Minwoo Lee was a passenger in Choi's car. The plaintiffs commenced this action to recover damages for personal injuries, and thereafter moved for summary judgment on the issue of liability. The Supreme Court denied the motion.

The plaintiffs established their prima facie entitlement to judgment as a matter of law by demonstrating that the defendant driver violated Vehicle and Traffic Law § 1141 when he made a left turn directly into the path of Choi's vehicle (*see Simeone v Cianciolo*, 118 AD3d 864, 865 [2014]; *Mazzullo v Loots*, 116 AD3d 677, 678 [2014]; *Ahern v Lanaia*, 85 AD3d 696 [2011]; *Jaramillo v Torres*, 60 AD3d 734 [2009]), and that this violation was the sole proximate cause of the accident (*see Figueroa v Diaz*, 107 AD3d 754, 755 [2013]; *Medina v Rodriguez*, 92 AD3d 850, 851 [2012]; *Vainer v DiSalvo*, 79 AD3d 1023, 1024 [2010]; *DeLuca v Cerda*, 60 AD3d 721 [2009]; *Lupowitz v Fogarty*, 295 AD2d 576 [2002]).

In opposition, the defendant raised a triable issue of fact as to Choi's comparative fault in the happening of the accident. In that respect, the defendant's averment as to the distance between the two vehicles at the time he started his left turn, coupled with Choi's averment as to her speed just before the collision, raised a triable issue of fact as to whether, in the exercise of reasonable care, Choi could have avoided the accident (*see Mazzullo v Loots*, 116 AD3d at 678; *Borukhow v Cuff*, 48 AD3d 726 [2008]; *Cox v Nunez*, 23 AD3d 427, 427-428 [2005]; *see also Jones v Vialva-Duke*, 106 AD3d 1052, 1053 [2013]). Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability in favor of Choi.

The right of an innocent passenger to summary judgment, however, is not restricted by potential issues of comparative negligence as between two drivers (*see Anzel v Pistorino*, 105 AD3d 784, 785 [2013]; *Medina v Rodriguez*, 92 AD3d at 850). Accordingly, since the defendant did not raise a triable issue of fact as to any comparative fault on the part of Lee, that branch of the plaintiffs' motion which was for summary judgment on the issue of liability in favor of Lee should have been granted (*see Anzel v Pistorino*, 105 AD3d at 786). Skelos, J.P., Dickerson, Austin and Maltese, JJ., concur.