STELLA GALAGOTIS, Appellant, v JOSEPH L. ARMENTI et al., Respondents. [20 NYS3d 556]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bruno, J.), entered May 27, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly sustained personal injuries when her vehicle collided with a vehicle owned by the defendant Sarant Cadillac and operated by the defendant Joseph Armenti as the plaintiff attempted to make a left turn at an intersection. The plaintiff subsequently commenced this action against the defendants. After depositions had been conducted, the defendants moved for summary judgment dismissing the complaint, contending that the plaintiff's failure to yield the right-of-way in violation of Vehicle and Traffic Law § 1141 was the sole proximate cause of the accident. The Supreme Court granted the motion, and the plaintiff appeals.

Pursuant to Vehicle and Traffic Law § 1141, the operator of a vehicle intending to turn left within an intersection must yield the right-of-way to any oncoming vehicle which is within the intersection or so close to it as to constitute an immediate hazard, and an operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the traffic laws (see *Kassim v Uddin*, 119 AD3d 529, 530 [2014]; *Ahern v Lanaia*, 85 AD3d 696 [2011]; *Vainer v DiSalvo*, 79 AD3d 1023, 1024 [2010]). However, " '[a] driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection' " (*Kassim v Uddin*, 119 AD3d at 530, quoting *Todd v Godek*, 71 AD3d 872, 872 [2010]), and that driver will not be entitled to summary judgment absent a demonstration that the sole proximate cause of the accident was the other

driver's negligence (*see Koeppel-Vulpis v Lucente*, 110 AD3d 851, 852 [2013]; *Reyes v Marchese*, 96 AD3d 926, 926-927 [2012]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff violated Vehicle and Traffic Law § 1141 when she made a left turn into the path of the defendants' vehicle, and that this violation was the sole proximate cause of the accident (*see Choi v Schwabenbauer*, 124 AD3d 574 [2015]; *Lynch v Dobler Chevrolet, Inc.*, 49 AD3d 509 [2008]). However, the evidence the plaintiff submitted in opposition to the motion, including the affidavit of a nonparty eyewitness, raised a triable issue of fact as to whether the speed at which the defendant Joseph L. Armenti was traveling may have been a factor in the happening of the accident, and thus whether Armenti was comparatively at fault (*see Choi v Schwabenbauer*, 124 AD3d 574 [2015]; *Lynch v Dobler Chevrolet, Inc.*, 49 AD3d 509 [2008]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Eng, P.J., Balkin, Cohen and Duffy, JJ., concur.