■ JULIE SHARPTON et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendants. [24 NYS3d 385]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated May 1, 2014, as denied their cross motion for summary judgment on the issue of liability against the defendants New York City Transit Authority, MTA Bus Company, Metropolitan Transportation Authority, Manhattan and Bronx Surface Transit Operating Authority, and Felix P. Lamarre.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, and the plaintiffs' cross motion for summary judgment on the issue of liability against the defendants New York City Transit Authority, MTA Bus Company, Metropolitan Transportation Authority, Manhattan and Bronx Surface Transit Operating Authority, and Felix P. Lamarre is granted.

On June 10, 2011, at the intersection of Tillary Street and Gold Street in Brooklyn, a New York City Transit Authority (hereinafter NYCTA) bus operated by the defendant Felix P. Lamarre came into contact with a car operated by the defendant Margaret Podmore and owned by the defendant Rhonda Podmore (hereinafter together the Podmore defendants). At the time, the Podmore defendants' vehicle, which had been heading east on Tillary Street, was stopped and waiting to make a left turn. The NYCTA bus was traveling in the opposite direction of the Podmore defendants' vehicle when, in the process of making a left turn onto Gold Street, it struck the rear driver's side of the Podmore defendants' vehicle. The plaintiffs, who were passengers on the bus, allegedly sustained injuries as a result of the accident. The plaintiffs commenced this action to recover damages for personal injuries against, among others, the NYCTA, MTA Bus Company, Metropolitan Transportation Authority, Manhattan and Bronx Surface Transit Operating Authority, and Lamarre (hereinafter collectively the MTA defendants). The Supreme Court denied the plaintiffs' cross motion for summary judgment on the issue of liability against the MTA defendants. The plaintiffs appeal.

Lamarre testified at his deposition that, just prior to the accident, the Podmore defendants' vehicle had come to a stop within the intersection, and that it was partially blocking the lane on Gold Street that he intended to turn into. Furthermore, Lamarre testified that, despite the fact that the Podmore defendants' vehicle was partially blocking his intended path, he nevertheless attempted to make a left turn because he thought that he had enough space in which to do so. By submitting this evidence in support of their cross motion, the plaintiffs demonstrated, prima facie, that Lamarre was negligent in attempting to make the left turn when it was not reasonably safe to do so (see Vehicle and Traffic Law § 1141; *Krajniak v Jin Y Trading, Inc.*, 114 AD3d 910 [2014]). In opposition, the MTA defendants failed to raise a triable issue of fact. Since the MTA defendants were negligent, the right of the plaintiffs, as innocent passengers, to an award of summary judgment on the issue of liability against the MTA defendants is not barred or limited by the existence of any unresolved questions as to the

apportionment of fault, if any, between the MTA defendants and the Podmore defendants (*see Brabham v City of New York*, 105 AD3d 881 [2013]; *Medina v Rodriguez*, 92 AD3d 850 [2012]).

Accordingly, the Supreme Court erred in denying the plaintiffs' cross motion for summary judgment on the issue of liability against the MTA defendants. Mastro, J.P., Rivera, Leventhal and Duffy, JJ., concur.