■ JILLIAN RICHARD, Respondent, v SEAN THOMAS et al., Appellants. [24 NYS3d 411]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated October 28, 2014, which denied their motion for summary judgment dismissing the complaint on the ground that they were not liable for the plaintiff's injuries, and on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

On March 31, 2011, the plaintiff and the defendant Sean Thomas were involved in a motor vehicle collision at the intersection of Ralph and Church Avenues, in Brooklyn. The tractor-trailer driven by Thomas was owned by the defendant S & T Transport, LLC. In July 2011, the plaintiff commenced this action to recover damages for her injuries. In her bills of particulars, the plaintiff alleged injuries to the cervical and lumbar regions of her spine, and to both knees. She also alleged that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d).

The defendants moved for summary judgment dismissing the complaint on the ground that they were not liable for the accident, and on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The Supreme Court denied the defendants' motion for summary judgment "on liability and threshold." The defendants appeal.

The Supreme Court properly declined to award summary judgment to the defendants on the ground that the defendants were not liable for the plaintiff's injuries. A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident (*see Baulete v L & N Car Serv., Inc.*, 134 AD3d 753 [2015]; *Gezelter v Pecora*, 129 AD3d 1021, 1021-1022 [2015]; *Boulos v Lerner-Harrington*, 124 AD3d 709, 709 [2015]). Here, in support of their motion, the defend-

ants submitted transcripts of the plaintiff's deposition testimony, in which the plaintiff testified that the tractor-trailer driven by Thomas sideswiped the driver's side of her car while she was waiting to make a right turn. The defendants also submitted transcripts of Thomas's deposition testimony, in which he stated that the accident happened because the plaintiff attempted to overtake him on his right. In light of these conflicting accounts as to how and why the subject accident occurred, the evidence submitted by the defendants failed to establish, prima facie, that Thomas was not negligent in the operation of his vehicle.

The Supreme Court also properly declined to award summary judgment to the defendants on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted, among other things, the affirmed report of a physician who measured the plaintiff's range of motion and found significant deficits, and concluded that the plaintiff's spine and right knee injuries were caused by the accident. The defendants' submissions failed to eliminate triable issues of fact as to whether the plaintiff sustained serious injuries to the cervical and lumbar regions of her spine, and to her right knee (*see generally Staff v Yshua*, 59 AD3d 614 [2009]), or whether she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Leventhal, J.P., Chambers, Sgroi and Barros, JJ., concur.