# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**258**
**CA 16-01580**
PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

REBECCA A. AMERMAN, PLAINTIFF-APPELLANT,

V                                         MEMORANDUM AND ORDER

CAITLYN S. REEVES, ET AL., DEFENDANTS,
AND ALAN M. BROWN, DEFENDANT-RESPONDENT.

---

MICHAELS & SMOLAK, P.C., AUBURN (MICHAEL G. BERSANI OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

LAW OFFICES OF SANTACROSE & FRARY, ALBANY (LISA DIAZ-ORDAZ OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Cayuga County (Thomas
G. Leone, A.J.), entered March 8, 2016. The order denied the motion
of plaintiff for, inter alia, summary judgment on the issue of
negligence against defendant Alan M. Brown.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting that part of the motion
seeking summary judgment on the issue of defendant Alan M. Brown's
negligence, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
personal injuries that she allegedly sustained as the result of a
motor vehicle accident. The accident occurred at an intersection
controlled by a traffic signal, with the respective vehicles of
plaintiff and Alan M. Brown (defendant) approaching the intersection
from opposite directions on the same road. Plaintiff testified at her
deposition that the light was green as she approached the intersection
from the south, and defendant testified that the light was green as he
neared the intersection from the north. As the vehicle driven by
plaintiff proceeded through the intersection, it was struck in the
driver's side by defendant's vehicle, which turned left. Plaintiff
moved for, inter alia, partial summary judgment on the issue of
defendant's negligence. Supreme Court denied the motion, and we now
modify the order by granting that part of the motion seeking summary
judgment on the issue of defendant's negligence.

Contrary to plaintiff's initial contention, defendant's plea of
guilty to violating Vehicle and Traffic Law § 1111 (a) (1) does not
entitle her to summary judgment on the issue of defendant's
negligence. It is well settled that a "plea of guilty to the
infraction of failure to yield the [right-of-way would] not establish

defendant's negligence as a matter of law" (*Harris v Moyer*, 255 AD2d 890, 891-892; *see Kelley v Kronenberg* [appeal No. 2], 2 AD3d 1406, 1407). "Rather, it is the '*unexcused* violation of the Vehicle and Traffic Law [that] constitutes negligence per se' " (*Shaw v Rosha Enters., Inc.*, 129 AD3d 1574, 1576). We agree with plaintiff, however, that she met her burden on the motion by submitting evidence of defendant's statutory violation along with other evidence, including her deposition testimony, establishing that she proceeded straight through the intersection with the right-of-way and was struck by defendant's turning vehicle. By that evidence, "plaintiff[] demonstrated, prima facie, that [defendant] was negligent in attempting to make the left turn when it was not reasonably safe to do so" (*Sharpton v New York City Tr. Auth.*, 136 AD3d 712, 713; *see generally Simeone v Cianciolo*, 118 AD3d 864, 865; *Mazzullo v Loots*, 116 AD3d 677, 678). Thus, plaintiff met her burden of establishing that defendant was negligent, and he failed to raise a triable issue of fact in opposition (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

Nevertheless, the court properly denied the motion insofar as it, at least impliedly, sought summary judgment on the issues of plaintiff's comparative negligence, proximate cause of the collision, and dismissal of defendant's first affirmative defense (*see generally Canh Du v Hamell*, 19 AD3d 1000, 1001-1002). In support of the motion, plaintiff submitted, among other things, defendant's deposition testimony, in which he testified that plaintiff activated her right turn signal and moved to the right as if she were making a right turn, but then proceeded straight through the intersection. Although that testimony did not raise a triable issue of fact regarding defendant's negligence, inasmuch as he had a duty to yield to all vehicles in the intersection (*see* Vehicle and Traffic Law § 1111 [a] [1]), it raised a triable issue of fact whether, "by activating [her right] turn signal under the circumstances then present, [plaintiff] violated the standard of reasonable care expected of drivers and contributed to the occurrence of the accident by falsely manifesting an intention to turn" right (*Gray v Dembeck*, 48 AD3d 748, 750). Thus, the court properly denied the remainder of plaintiff's motion because she failed to eliminate a triable issue of fact whether she "may have been comparatively at fault in the occurrence of the accident" (*Mazzullo*, 116 AD3d at 678; *see Halbina v Brege*, 41 AD3d 1218, 1219).

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court