In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Santorelli, J.), dated April 27, 2016, which granted the motion of the defendants Kayla Marie Alarcon and Robert Paccione for summary judgment dismissing the complaint insofar as asserted against them.
 

 Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Kayla Marie Alarcon and Robert Paccione for summary judgment dismissing the complaint insofar as asserted against them is denied.
 

 The plaintiff Mia Fargione (hereinafter the infant plaintiff) allegedly sustained personal injuries as a result of a two-vehicle collision that occurred on August 2, 2014, at the intersection of Waverly Avenue and the eastbound Sunrise Highway Service Road in the Town of Brookhaven. The infant plaintiff was a passenger in a vehicle operated by the defendant Kayla Marie Alarcon and owned by the defendant Robert Paccione (hereinafter together the defendants). According to the infant plaintiff and Alarcon, the defendants’ vehicle had stopped at a red traffic light in a southbound left-turning lane of Waverly Avenue. When the signal indicated a green light for left turns, Alarcon started to make a left turn, but a vehicle traveling northbound on Waverly Avenue ran a red light and struck the defendants’ vehicle. The infant plaintiff, and her mother suing derivatively, commenced this action against the defendants and Robert W. Chance III, the driver of the northbound vehicle. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that Chance’s operation of his vehicle was the sole proximate cause of the infant plaintiff’s injuries. The Supreme Court granted the motion, and the plaintiffs appeal.
 

 Defendants moving for summary judgment in a personal injury action must demonstrate, prima facie, that they did not proximately cause the plaintiff’s injuries. Since, however, there can be more than one proximate cause of a plaintiff’s injuries, defendants do not carry their burden simply by establishing that another party’s actions were a proximate cause; they must establish their own freedom from comparative fault (see Bentick v Gatchalian, 147 AD3d 890, 891 [2017]; Boulos v Lerner-Harrington, 124 AD3d 709, 709-710 [2015]; Cattan v Sutton, 120 AD3d 537, 538 [2014]; Cox v Nunez, 23 AD3d 427, 428 [2005]; cf. Al-Mamar v Terrones, 146 AD3d 737, 739 [2017]). Moreover, although the operators of vehicles with the right-of-way are entitled to anticipate that other operators will yield in compliance with the Vehicle and Traffic Law (see Cattan v Sutton, 120 AD3d at 538; Regans v Baratta, 106 AD3d 893, 894 [2013]), drivers with the right-of-way may nonetheless be found to have proximately caused the happening of an accident if they did not use reasonable care to avoid the accident (see Pollack v Margolin, 84 AD3d 1341, 1342 [2011]).
 

 Here, the defendants failed to establish, prima facie, that Alarcon used reasonable care to avoid the accident and was thus free from comparative fault. Since the defendants failed to meet their prima facie burden for summary judgment dismissing the complaint insofar as asserted against them, the Supreme Court should have denied their motion without regard to the sufficiency of the plaintiffs’ opposition papers (see Cattan v Sutton, 120 AD3d at 538; Pollack v Margolin, 84 AD3d at 1342).
 

 Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.