Wilson v Mazewski (2019 NY Slip Op 06533)





Wilson v Mazewski


2019 NY Slip Op 06533


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-07344
 (Index No. 11141/14)

[*1]Nathaniel Wilson, respondent,
v
Linda Mazewski, et al., appellants.


James J. Toomey, New York, NY (Evy Kazansky of counsel), for appellants.
Terilli & Tintle, PLLC, New York, NY (Myles L. Tintle III of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated March 24, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries arising out of a collision in August 2011 between his vehicle and a vehicle driven by the defendant Jose Morales and owned by the defendant Linda Mazewski. At his deposition, the plaintiff testified that he was driving his car on Lincoln Place in Brooklyn, which is a one-way street with a stop sign at the intersection with Albany Avenue. According to the plaintiff, he proceeded on Lincoln Place through the intersection with Albany Avenue, and the vehicle driven by Morales collided into the driver's side of his vehicle. Morales testified at his deposition that he was driving Mazewski's car on Albany Avenue, a one-way street which contains no traffic control device at its intersection with Lincoln Place. The defendants moved for summary judgment dismissing the complaint, contending that the plaintiff's negligence was the sole proximate cause of the collision. The Supreme Court denied the motion, and the defendants appeal.
"Defendants moving for summary judgment in a personal injury action must demonstrate, prima facie, that they did not proximately cause the plaintiff's injuries" (Fargione v Chance, 154 AD3d 713, 714). Since there can be more than one proximate cause of an accident, a defendant seeking summary judgment must establish freedom from comparative fault as a matter of law (see Cattan v Sutton, 120 AD3d 537, 538; Jones v Vialva-Duke, 106 AD3d 1052, 1053).
A driver is "required to see the oncoming traffic through the proper use of her [or his] senses" (Yelder v Walters, 64 AD3d 762, 764). Although a driver who fails to yield the right-of-way after stopping at a stop sign controlling traffic is in violation of Vehicle and Traffic Law § 1142(a) (see Fuertes v City of New York, 146 AD3d 936, 937), drivers with the right-of-way can also be held to be comparably at fault if they did not use reasonable care to avoid a collision with the driver who failed to yield the right-of-way (see Fargione v Chance, 154 AD3d at 714; Pollack v Margolin, 84 [*2]AD3d 1341, 1342).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Although the parties' deposition testimony demonstrated that Morales had the right-of-way when he entered the intersection at issue, it was insufficient to establish, prima facie, that the plaintiff's alleged negligence was the sole proximate cause of the accident (see Cattan v Sutton, 120 AD3d at 538). The transcripts of the depositions of the plaintiff and Morales, which were submitted in support of the defendants' motion, contain conflicting testimony raising a triable issue of fact as to whether Morales contributed to the occurrence of the collision by not having his headlights on at the time of this nighttime collision, in violation of Vehicle and Traffic Law § 375(2)(a)(1) (see Pollack v Margolin, 84 AD3d at 1342). Since the defendants failed to demonstrate, prima facie, that they were free from comparative fault (see Fargione v Chance, 154 AD3d at 714), we need not examine the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Accordingly, we agree with the Supreme Court's determination denying the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., LEVENTHAL, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court