Wise v Boyd Bros. Transp., Inc. (2021 NY Slip Op 03345)





Wise v Boyd Bros. Transp., Inc.


2021 NY Slip Op 03345


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-14487
 (Index No. 518659/18)

[*1]Thomas L. P. Wise, plaintiff-respondent,
v
Boyd Bros. Transportation, Inc., et al., appellants, Alfonso A. Ellis, defendant-respondent.


Jeffrey Samel, New York, NY (Robert G. Spevack of counsel), for appellants.
Mikhail Yadgarov & Associates, P.C. (Mitchell Dranow, Sea Cliff, NY, of counsel), for plaintiff-respondent.
William S. Boorstein, New York, NY (Debora L. Jacques of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Boyd Bros. Transportation, Inc., Boyd Brothers Transportation, Boyd Logistics, LLC, and "John Doe" and/or "Jane Doe" appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated November 13, 2019. The order granted the motion of the defendant Alfonso A. Ellis for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and granted the plaintiff's cross motion for summary judgment on the issue of liability insofar as asserted against the defendants Boyd Bros. Transportation, Inc., Boyd Brothers Transportation, Boyd Logistics, LLC, and "John Doe" and/or "Jane Doe."
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendant Alfonso A. Ellis which was for summary judgment dismissing the complaint insofar as asserted against him is dismissed, as the defendants Boyd Bros. Transportation, Inc., Boyd Brothers Transportation, Boyd Logistics, LLC, and "John Doe" and/or "Jane Doe" are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, that branch of the motion of the defendant Alfonso A. Ellis which was for summary judgment dismissing the cross claims insofar as asserted against him is denied, and the plaintiff's cross motion for summary judgment on the issue of liability insofar as asserted against the defendants Boyd Bros. Transportation, Inc., Boyd Brothers Transportation, Boyd Logistics, LLC, and "John Doe" and/or "Jane Doe" is denied; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
On March 13, 2018, the plaintiff was a passenger in a vehicle operated by the defendant Alfonso A. Ellis that allegedly came into contact with a vehicle owned by the defendants Boyd Bros. Transportation, Inc., Boyd Brothers Transportation, and Boyd Logistics, LLC, and [*2]operated by "John Doe" and/or "Jane Doe" (hereinafter collectively the Boyd defendants). The accident allegedly occurred on Herkimer Street, which is a one-way street. The plaintiff commenced this action against Ellis and the Boyd defendants to recover damages for personal injuries he allegedly sustained as a result of the accident. As relevant to this appeal, the Boyd defendants asserted cross claims against Ellis for contribution and common-law indemnification.
Before any depositions were taken, Ellis moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The plaintiff cross-moved for summary judgment on the issue of liability insofar as asserted against the Boyd defendants. The Supreme Court granted Ellis's motion and the plaintiff's cross motion. The Boyd defendants appeal.
The Supreme Court should have denied that branch of Ellis's motion which was for summary judgment dismissing the Boyd defendants' cross claims against him. Ellis met his prima facie burden for summary judgment dismissing the Boyd defendants' cross claims by establishing that he was free from fault in the happening of the accident (see Raquet v Braun, 90 NY2d 177, 183). In support of his motion, Ellis submitted an affidavit in which he claimed that his vehicle, in which the plaintiff was a passenger, was at a complete stop and parked within the left-side parking lane in front of 280 Herkimer Street in Brooklyn when it was struck by the Boyd defendants' vehicle. However, in opposition, the Boyd defendants raised a triable issue of fact through the affidavit of John Koranteng, the alleged operator of the Boyd defendants' vehicle. Koranteng averred that he checked to make sure that the left side of his vehicle was clear before he began to initiate a right turn onto Brooklyn Avenue. Koranteng claimed that, while he was turning right, the collision occurred when Ellis's vehicle attempted to aggressively pass him on his driver's side (see Richard v Thomas, 136 AD3d 779, 779-780). Ellis's contention that Koranteng's affidavit was not in admissible form and, therefore, should not have been considered, is without merit, since the absence of a certificate of conformity for an out-of-state affidavit is not a fatal defect (see Mack-Cali Realty, L.P. v Everfoam Insulation Sys., Inc., 110 AD3d 680, 682; Fredette v Town of Southampton, 95 AD3d 940, 942).
Further, the Supreme Court should have denied the plaintiff's cross motion for summary judgment on the issue of liability insofar as asserted against the Boyd defendants. Although the plaintiff's affidavit, in which the plaintiff claimed that the accident happened in a manner similar to that claimed by Ellis, was sufficient to meet his prima facie burden for summary judgment, the Boyd defendants raised a triable issue of fact through the submission of, inter alia, Koranteng's affidavit (see Meredith v Engel, 162 AD3d 658; Choi v Schwabenbauer, 124 AD3d 574). "If the plaintiff fails to demonstrate, prima facie, that the operator of the offending vehicle was at fault, or if triable issues of fact are raised by the defendants . . . summary judgment on the issue of liability must be denied, even if the moving plaintiff was an innocent passenger" (Phillip v D & D Carting Co., Inc., 136 AD3d 18, 24).
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court