Valdez v MTA Bus Co. (2022 NY Slip Op 06281)

Valdez v MTA Bus Co.

2022 NY Slip Op 06281

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-09253
 (Index No. 705663/18)

[*1]Francia Valdez, plaintiff, 
v
MTA Bus Company, et al., respondents, Hai Sun, appellant.

The Law Offices of Michael E. Garron, P.C., Plainview, NY (Seth D. Cohen of counsel), for appellant.
Morris, Duffy, Alonso, Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Hai Sun appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered November 24, 2020. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
On August 13, 2017, the plaintiff allegedly was injured while riding as a passenger on a bus owned by the defendant MTA Bus Company and operated by the defendant Christopher Beckford, incorrectly sued herein as Christer Beckford. The bus allegedly was involved in an accident with a vehicle operated by the defendant Hai Sun. The plaintiff commenced this action against the defendants to recover damages for personal injuries allegedly sustained by her as a result of the accident. Thereafter, Hai Sun moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. In an order entered November 24, 2020, the Supreme Court denied Hai Sun's motion. Hai Sun appeals.
"Defendants moving for summary judgment in a personal injury action must demonstrate, prima facie, that they did not proximately cause the plaintiff's injuries" (Fargione v Chance, 154 AD3d 713, 714; see Fergile v Payne, 202 AD3d 928, 930; Wilson v Mazewski, 175 AD3d 1352, 1353). "Since there can be more than one proximate cause of an accident, a defendant seeking summary judgment must establish freedom from comparative fault as a matter of law" (Wilson v Mazewski, 175 AD3d at 1353; see Cattan v Sutton, 120 AD3d 537, 538).
Here, in support of his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, Hai Sun failed to eliminate the existence of triable issues of fact as to whether he contributed to the happening of the alleged accident. Even if, as contended by Hai Sun, he had the right-of-way, "a driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision, to see what there is to be seen through the proper use of his or her senses, and to drive at a speed that is reasonable and prudent under the conditions, having regard to the actual and potential hazards then existing" (Pei Ru Guo v Efkarpidis, 185 AD3d [*2]949, 951-952). Accordingly, the Supreme Court properly denied Hai Sun's motion regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., RIVERA, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court