Graczyk v Allen (2023 NY Slip Op 03587)

Graczyk v Allen

2023 NY Slip Op 03587

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

268 CA 22-00814

[*1]PHILIP E. GRACZYK, PLAINTIFF-APPELLANT,
v
CHRISTINA M. ALLEN, DEFENDANT-RESPONDENT. 

CANTOR, WOLFF, NICASTRO & HALL LLC, BUFFALO (RICHARD HALL, IV, OF COUNSEL), FOR PLAINTIFF-APPELLANT.
RIVKIN RADLER LLP, UNIONDALE (CHERYL F. KORMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered February 2, 2022. The order granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.
Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when the motorcycle he was operating collided with defendant's vehicle while defendant was in the process of making either a left-hand turn or a U-turn. Prior to the collision, plaintiff had been traveling behind defendant's vehicle, in the same direction. Defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, and plaintiff appeals. We reverse.
Defendant failed to meet her initial burden on the motion because her own submissions raise triable issues of fact (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In particular, we conclude that there are triable issues of fact whether defendant was negligent in manifesting an intent to turn right by activating her right blinker and pulling to the right side of the lane before abruptly beginning to turn left and whether defendant thereby caused plaintiff to strike defendant's vehicle as defendant attempted to complete her turn (see Gawera v Scrogg, 4 AD3d 760, 760 [4th Dept 2004]; Karram v Cirillo, 281 AD2d 946, 946 [4th Dept 2001]; see also Amerman v Reeves, 148 AD3d 1632, 1634 [4th Dept 2017]).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court