Guo v Efkarpidis (2020 NY Slip Op 04176)





Guo v Efkarpidis


2020 NY Slip Op 04176


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2019-01448
 (Index No. 7136/14)

[*1]Pei Ru Guo, respondent,
v
Ellie Efkarpidis, et al., appellants.


Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia, Glenn A. Kaminska, and Kevin J. Murtagh of counsel), for appellants.
Romano & Kuan, PLLC, New York, NY (Julia P. Kuan of counsel), for respondent.
In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered January 7, 2019.



DECISION & ORDER
The judgment, upon the denial of the defendants' motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law made at the close of evidence on the issue of liability, upon a jury verdict in favor of the plaintiff and against the defendants on the issue of liability, upon the denial of the defendants' motion, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law, upon a separate jury verdict on the issue of damages, and upon the denial of the defendants' motion, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages with respect to the award for future pain and suffering as contrary to the weight of the evidence and for a new trial, is in favor of the plaintiff and against the defendants awarding damages.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a motor vehicle accident that occurred on June 22, 2011, at an intersection in Queens. At a jury trial on the issue of liability, the plaintiff testified that, on the date of the accident, she was the front seat passenger in a vehicle operated by her husband, Zhong Xing Zhong. A stop sign controlled Zhong's direction of travel. The plaintiff and Zhong both testified at trial that Zhong stopped his vehicle at the stop sign, moved his vehicle further up, and stopped again. According to the plaintiff and Zhong, they did not see any cars approaching and Zhong proceed into the intersection.
At the time of the accident, the defendant Ellie Efkarpidis was driving a vehicle owned by her mother, the defendant Evie Efkarpidis. Ellie's friend was seated in the front passenger seat of the vehicle. There were no traffic control devices that controlled Ellie's direction of travel at the subject intersection. While in the intersection, the front of the defendants' vehicle struck the middle of Zhong's vehicle on driver's side. According to the plaintiff and Zhong, the force of the impact caused Zhong's vehicle to spin and strike a tree on the passenger side.
At the close of evidence on the issue of liability, the defendants moved, in effect, [*2]pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. The Supreme Court denied that motion. The jury returned a verdict in favor of the plaintiff and against the defendants on the issue of liability. The jury found that the defendants were negligent, and that their negligence was a substantial factor in causing the accident. The jury also found Zhong was negligent, but that his negligence was not a substantial factor in causing the accident. The defendants thereafter moved, in effect, inter alia, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law. The court denied the motion.
Following a trial on the issue of damages, the defendants moved, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages with respect to the award for future pain and suffering as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the motion. A judgment was entered in favor of the plaintiff and against the defendants awarding damages. The defendants appeal from the judgment.
"A motion pursuant to CPLR 4401 or 4404 for judgment as a matter of law may be granted only where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party'" (Caliendo v Ellington, 104 AD3d 635, 636, quoting Szczerbiak v Pilat, 90 NY2d 553, 556). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (Hamilton v Rouse, 46 AD3d 514, 516, quoting Szczerbiak v Pilat, 90 NY2d at 556).
Here, viewing the evidence in the light most favorable to the plaintiff, there was a rational process by which the jury could find that the defendants were negligent, and that their negligence was a substantial factor in causing the accident. The operator of a vehicle with the right-of-way is entitled to assume that others will obey the traffic laws requiring them to yield (see Mu-Jin Chen v Cardenia, 138 AD3d 1126, 1127; Canales v Arichabala, 123 AD3d 869, 870). However, a driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision, to see what there is to be seen through the proper use of his or her senses, and to drive at a speed that is reasonable and prudent under the conditions, having regard to the actual and potential hazards then existing (see Vehicle and Traffic Law §§ 1146[a]; 1180[a],[e]; Ballentine v Perrone, 179 AD3d 993, 994; Mu-Jin Chen v Cardenia, 138 AD3d at 1127; Canales v Arichabala, 123 AD3d at 870).
There was evidence introduced at trial from which the jury could conclude that, although Ellie had the right-of-way, she failed to exercise reasonable care to avoid the collision and failed to drive at a speed that was reasonable and prudent under the conditions. Evidence was admitted at trial demonstrating the nature and the extent of damage to Zhong's vehicle, including photographs of Zhong's vehicle that were taken following the collision (see generally Martino v Triangle Rubber Co., 249 AD2d 454, 455; Bogorad v Fitzpatrick, 38 AD2d 923, 924, affd 31 NY2d 984). Although Ellie and the passenger in her vehicle testified that the defendants' vehicle was traveling at a speed of approximately 20-25 miles per hour at the time of the accident, the jury was permitted to reject their testimony, particularly in considering the evidence that the force of the impact from the collision "propelled" Zhong's vehicle into a tree and rendered the vehicle a total loss (see Patti v Fenimore, 181 AD2d 869, 871).
In addition, although Ellie and the passenger in her vehicle testified, in effect, that Zhong's vehicle had not yet reached the middle of the intersection at the time of the collision, Zhong and the plaintiff testified that the defendants' vehicle struck Zhong's vehicle after Zhong's vehicle had already reached the middle of the intersection. The plaintiff's and Zhong's testimony was supported by the photographs in evidence, which showed heavy damage to the middle and back portion of Zhong's vehicle. Ellie testified that she did not see Zhong's vehicle until it was "right in front" of her. Therefore, we agree with the Supreme Court's determination denying the defendants' motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, and denying that branch of the defendants' separate motion, in effect, pursuant to CPLR 4404(a) which was to set aside the jury verdict on the issue of liability and for judgment as a matter of law.
The defendants' remaining contentions are without merit.
RIVERA, J.P., AUSTIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court