Ortiz v Zurita (2021 NY Slip Op 03597)





Ortiz v Zurita


2021 NY Slip Op 03597


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-03441
 (Index No. 708678/17)

[*1]Jessica Elaine Ortiz, appellant,
v
Cecibell J. Zurita, respondent.


Surdez & Perez, P.C. (Michael H. Zhu, Esq. P.C., New York, NY, of counsel), for appellant.
James F. Butler, Jericho, NY (Nancy S. Goodman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered February 7, 2019. The order denied the plaintiff's motion for summary judgment on the issue of liability and granted the defendant's cross motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendant's cross motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action against the defendant to recover damages for personal injuries that she allegedly sustained when the vehicle that the defendant was operating, in which the plaintiff was a passenger, struck a guardrail. The plaintiff moved for summary judgment on the issue of liability, contending that the accident was solely caused by the defendant, who lost control of the vehicle. The defendant cross-moved for summary judgment dismissing the complaint, contending that she was faced with an emergency not of her own making when the front right tire blew out and that she responded in a reasonable manner. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312). The emergency doctrine provides that "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327).
Here, the plaintiff failed to establish, prima facie, that the defendant was negligent [*2]in the happening of the accident. The evidence submitted by the plaintiff, which included transcripts of the deposition testimony of the parties, failed to eliminate all triable issues of fact as to whether the defendant was faced with an emergency situation not of her own making when the front right tire allegedly blew out (see generally Rivera v New York City Tr. Auth., 77 NY2d at 327; Hendrickson v Philbor Motors, Inc., 101 AD3d 812, 814). Since the plaintiff failed to meet her initial burden as the movant, the Supreme Court properly denied her motion for summary judgment on the issue of liability without regard to the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
With respect to the defendant's cross motion, she failed to establish, prima facie, that she lost control of her vehicle because her front right tire blew out and she was faced with an emergency situation not of her own making (see Rivera v New York City Tr. Auth., 77 NY2d at 327; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). Accordingly, the Supreme Court should have denied the defendant's cross motion for summary judgment dismissing the complaint without regard to the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
HINDS-RADIX, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court