Fergile v Payne (2022 NY Slip Op 01008)





Fergile v Payne


2022 NY Slip Op 01008


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.


2019-04507
 (Index No. 1459/17)

[*1]Jean D. Fergile, appellant,
v
Gail June Payne, et al., respondents.


Richard L. Giampa, Esq., P.C., Bronx, NY (Zachary K. Giampa and Eli Wagschal of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (James M. Strauss and Nicholas P. Hurzeler of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), dated January 30, 2019. The order denied the plaintiff's motion for summary judgment on the issue of liability, and granted the defendants' cross motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendants' cross motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident that occurred on August 20, 2013. At the time of the incident, the plaintiff was operating a motor scooter in the right lane of traffic. A bus driven by the defendant Gail June Payne, an employee of the defendant Nassau Inter-County Express, was also traveling in the right lane, behind the plaintiff. As the plaintiff approached an intersection, he moved into the left lane. The bus also moved into the left lane, and then struck the rear of the motor scooter.
The plaintiff moved for summary judgment on the issue of liability, and the defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the plaintiff's motion and granted the defendants' cross motion, and the plaintiff appeals.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906, 908; D'Agostino v YRC, Inc., 120 AD3d 1291, 1292). Here, the evidence submitted by the plaintiff included, inter alia, a video recording taken from the bus that appears to show the bus moving into the left lane, and the plaintiff, driving in front of the bus, also moving into the left lane at approximately the same time. That evidence raises a triable issue of fact as to a whether a potentially nonnegligent explanation for the collision exists or whether the emergency doctrine applied to this case (see Conroy v New York City Tr. Auth., 167 AD3d 977, 978-[*2]979; Finney v Morton, 127 AD3d 1134; see also Ortiz v New York City Tr. Auth., 138 AD3d 809, 810). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint. "Defendants moving for summary judgment in a personal injury action must demonstrate, prima facie, that they did not proximately cause the plaintiff's injuries" (Fargione v Chance, 154 AD3d 713, 714; see Wilson v Mazewski, 175 AD3d 1352, 1353). "Since there can be more than one proximate cause of an accident, a defendant seeking summary judgment must establish freedom from comparative fault as a matter of law" (Wilson v Mazewski, 175 AD3d at 1353; see Cattan v Sutton, 120 AD3d 537, 538; Jones v Vialva-Duke, 106 AD3d 1052, 1053). "[A] driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision, to see what there is to be seen through the proper use of his or her senses, and to drive at a speed that is reasonable and prudent under the conditions, having regard to the actual and potential hazards then existing" (Pei Ru Guo v Efkarpidis, 185 AD3d 949, 951-952; see Vehicle and Traffic Law §§ 1146[a]; 1180[a]).
Here, even if Payne had the right of way, she testified at her deposition that she did not see the plaintiff on his motor scooter until "seconds" before the accident. Since the video recording taken from the bus seems to show that the bus was following the plaintiff's motor scooter for approximately two blocks prior to the accident, Payne's testimony raised a triable issue of fact as to whether Payne failed to see what was there to be seen through the proper use of her senses, and thus whether she exercised reasonable care to avoid the accident and whether her actions were a proximate cause of the accident (see Pei Ru Guo v Efkarpidis, 185 AD3d at 951-952; Ballentine v Perrone, 179 AD3d 993, 994-995; Fargione v Chance, 154 AD3d at 714).
The defendants also failed to demonstrate, prima facie, that they were absolved of liability based on the emergency doctrine. The emergency doctrine provides that "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327; see Ortiz v Zurita, 195 AD3d 734, 735). "However, where the claimed emergency resulted from a defendant's own actions, for example, from the defendant's failure to maintain a safe distance between his or her vehicle and the vehicle in front of him of her, it will not qualify as an emergency under the emergency doctrine" (Freder v Costello Indus., Inc., 162 AD3d 984, 986). Moreover, "[b]oth the existence of an emergency and the reasonableness of a party's response to it generally present issues of fact" (Bravo v Vargas, 113 AD3d 579, 581). Here, the evidence failed to eliminate the existence of triable issues of fact as to whether Payne's actions contributed to or caused the emergency, in light of, inter alia, her failure to observe the motor scooter earlier (see Johnson v Freedman, 195 AD3d 1206, 1207; Ortiz v Zurita, 195 AD3d 734; Aiken v Liotta, 167 AD3d 826, 827; Bravo v Vargas, 113 AD3d at 581).
Accordingly, the Supreme Court should have denied the defendants' cross motion for summary judgment dismissing the complaint regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
BARROS, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court