Walker v Ryder Truck Rental & Leasing (2022 NY Slip Op 04188)

Walker v Ryder Truck Rental & Leasing

2022 NY Slip Op 04188

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2020-07091
 (Index No. 701818/19)

[*1]Paulette Walker, respondent, 
v
Ryder Truck Rental and Leasing, et al., appellants.

Jacobson & Schwartz, LLP, Jericho, NY (Henry J. Cernitz of counsel), for appellants Giovanni H. Morgan and Visual Mill Work & Fixture Manufacturing, Inc.
The Sachs Firm, P.C. (Brian R. Sachs and Alexander J. Wulwick, New York, NY, of counsel), for respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Richard G. Latin, J.), entered September 9, 2020. The order granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability insofar as asserted against the defendants Giovanni H. Morgan and Visual Mill Work & Fixture Manufacturing, Inc.
ORDERED that the appeal by the defendant Ryder Truck Rental and Leasing is dismissed as abandoned and on the ground that the defendant Ryder Truck Rental and Leasing is not aggrieved by the order appealed from (see CPLR 5511); and it is further,
ORDERED that the order is reversed on the appeal by the defendants Giovanni H. Morgan and Visual Mill Work & Fixture Manufacturing, Inc., on the law, and those branches of the plaintiff's motion which were for summary judgment on the issue of liability insofar as asserted against the defendants Giovanni H. Morgan and Visual Mill Work & Fixture Manufacturing, Inc., are denied; and it is further,
ORDERED that one bill of costs is awarded to the defendants Giovanni H. Morgan and Visual Mill Work & Fixture Manufacturing, Inc.
On April 3, 2018, a "box truck" vehicle operated by the defendant Giovanni H. Morgan, which had been leased by Morgan's employer, the defendant Visual Mill Work & Fixture Manufacturing, Inc. (hereinafter Visual Mill Work), came into contact with the plaintiff's vehicle in Queens County. The plaintiff commenced an action to recover damages for personal injuries allegedly sustained by her against, among others, Morgan, and a separate action against Visual Mill Work. The two actions were subsequently consolidated. The plaintiff moved for summary judgment on the issue of liability. In an order entered September 9, 2020, the Supreme Court granted the plaintiff's motion insofar as asserted against Morgan and Visual Mill Work.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall [*2]Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312; Ortiz v Zurita, 195 AD3d 734, 735). "A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (Ruiz v Griffin, 71 AD3d 1112, 1115 [internal quotation marks omitted]). "The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist" (Charlery v Allied Tr. Corp., 163 AD3d 914, 915 [internal quotation marks omitted]; see Chimbo v Bolivar, 142 AD3d 944, 945).
Here, the plaintiff, as movant, failed to establish her prima facie entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). In support of her motion, the plaintiff submitted, inter alia, transcripts of the deposition testimony of both the plaintiff and Morgan. Issues of fact and credibility were presented which could not be resolved on a motion for summary judgment. Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability insofar as asserted against Morgan and Visual Mill Work, regardless of the sufficiency of the defendants' opposition papers (see id. at 853).
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court