Mohammed v City of New York (2022 NY Slip Op 04162)

Mohammed v City of New York

2022 NY Slip Op 04162

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2020-03052
 (Index No. 10172/16)

[*1]Keith M. Mohammed, respondent, 
v
City of New York, et al., defendants, Metropolitan Transportation Authority, et al., appellants.

Anna J. Ervolina, Brooklyn, NY (Harriet Wong of counsel), for appellants.
William Schwitzer & Associates, P.C., New York, NY (Howard R. Cohen of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Metropolitan Transportation Authority, New York City Transit Authority, and Tommy Rodriguez appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered January 7, 2020. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 26, 2015, on Merrick Boulevard at its intersection with Linden Boulevard in Queens (hereinafter the subject intersection), a vehicle operated by the plaintiff came into contact with a bus owned by the defendant New York City Transit Authority (hereinafter the NYCTA) and operated by the defendant Tommy Rodriguez. It is undisputed that just prior to the accident, the traffic light on Merrick Boulevard was green, and the plaintiff's vehicle and the bus were both traveling northbound on Merrick Boulevard, with the plaintiff's vehicle approaching the subject intersection from the right traffic lane, and the bus approaching the subject intersection from a bus stop. The accident occurred when the plaintiff's vehicle made a right turn from Merrick Boulevard onto Linden Boulevard while the bus proceeded straight into the subject intersection from the bus stop on Merrick Boulevard. As a result, the left front corner of the bus collided with the right rear passenger door of the plaintiff's vehicle.
In August 2016, the plaintiff commenced this personal injury action against Rodriguez, the NYCTA, and the Metropolitan Transportation Authority (hereinafter collectively the defendants), among others. Thereafter, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff opposed. In an order entered January 7, 2020, the Supreme Court, among other things, denied that branch of the defendants' motion. The defendants appeal.
"'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (McPhaul-Guerrier v Leppla, 201 AD3d 920, 921, quoting Boulos v Lerner-Harrington, 124 AD3d [*2]709, 709; see Tornabene v Seickel, 186 AD3d 645, 646). "Since there can be more than one proximate cause of an accident, a defendant seeking summary judgment must establish freedom from comparative fault as a matter of law" (Fergile v Payne, 202 AD3d 928, 930 [internal quotation marks omitted]). "[G]enerally, it is for the trier of fact to determine the issue of proximate cause" (M.M.T. v Relyea, 177 AD3d 1013, 1013 [internal quotation marks omitted]). "'[A] driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision, to see what there is to be seen through the proper use of his or her senses, and to drive at a speed that is reasonable and prudent under the conditions, having regard to the actual and potential hazards then existing'" (Fergile v Payne, 202 AD3d at 930, quoting Pei Ru Guo v Efkarpidis, 185 AD3d 949, 951-952).
Here, the defendants failed to meet their prima facie burden of demonstrating that they were not at fault in the happening of the accident. The evidence submitted by the defendants failed to eliminate triable issues of fact as to whether Rodriguez exercised reasonable care to avoid the accident and whether his actions were a proximate cause of the accident (see Fergile v Payne, 202 AD3d at 930).
"The emergency doctrine provides that 'when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context'" (id. at 930, quoting Rivera v New York City Tr. Auth., 77 NY2d 322, 327; see Ortiz v Zurita, 195 AD3d 734, 735). "However, where the claimed emergency resulted from a defendant's own actions . . . it will not qualify as an emergency under the emergency doctrine" (Freder v Costello Indus., Inc., 162 AD3d 984, 986; see Fergile v Payne, 202 AD3d at 930-931). "As a general rule, the questions of the existence of an emergency and the reasonableness of the response to it are issues for the trier of fact" (Liang-Ying Ren v "John Doe", 175 AD3d 480, 481). Here, the defendants failed to eliminate the existence of triable issues of fact as to whether Rodriguez's actions contributed to or caused the emergency.
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court