Suchit v Shaikh (2022 NY Slip Op 04318)

Suchit v Shaikh

2022 NY Slip Op 04318

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2021-01266
 (Index No. 501732/18)

[*1]Chitra Suchit, plaintiff-respondent, 
v
Abrar M. Shaikh, defendant-respondent, Manny M. Shapir, et al., appellants.

Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellants.
Fine & Simon, Brooklyn, NY (Thomas A. Torto of counsel), for plaintiff-respondent.
Baker, McEvoy & Moskovits, P.C., Brooklyn, NY (Marjorie E. Bornes of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Manny M. Shapir and Yvette Sakkal appeal from an order of the Supreme Court, Kings County (Wayne P. Saitta, J.), dated December 23, 2020. The order denied those defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is affirmed, with one bill of costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in a three-vehicle accident that occurred in the eastbound lanes of the Belt Parkway. A vehicle operated by the defendant Manny M. Shapir and owned by the defendant Yvette Sakkal collided with a vehicle operated by the defendant Abrar M. Shaikh, which then collided with a vehicle operated by the plaintiff. Shapir and Sakkal (hereinafter together the appellants) moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, arguing that Shapir was not at fault in the happening of the accident and that a sudden lane change by Shaikh into the lane occupied by Shapir was the sole proximate cause of the accident. The Supreme Court denied the motion, and this appeal ensued.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Sage v Taylor, 195 AD3d 971, 972). "There can be more than one proximate cause of an accident, and [g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Chan Pok Kim v Jurado, 203AD3d 694, 695 [citations and internal quotation marks omitted]; see Shuofang Yang v Sanacore, 202 AD3d 1120, 1121).
"The operator of a vehicle with the right-of-way is entitled to assume that others will obey the traffic laws requiring them to yield" (Pei Ru Guo v Efkarpidis, 185 AD3d 949, 951; see Mu-Jin Chen v Cardenia, 138 AD3d 1126, 1127). However, "'a driver traveling with the right-of-way [*2]may nevertheless be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident'" (Shuofang Yang v Sanacore, 202 AD3d at 1122, quoting Arias v Tiao, 123 AD3d 857, 858; see Fergile v Payne, 202 AD3d 928, 930). "A driver is negligent where he or she failed to see that which, through proper use of his or her senses, the driver should have seen" (Shuofang Yang v Sanacore, 202 AD3d at 1122; see Sage v Taylor, 195 AD3d at 972).
Here, in support of their motion, the appellants submitted, inter alia, the transcripts of the deposition testimony of Shapir and the plaintiff. Viewing that evidence in the light most favorable to the plaintiff and Shaikh as the nonmoving parties, the appellants failed to demonstrate, prima facie, that Shapir was not at fault in the happening of the accident (see Shuofang Yang v Sanacore, 202 AD3d at 1122; Wiessner v Phillips, 201 AD3d 776, 777). Shapir's deposition testimony failed to eliminate triable issues of fact as to whether he contributed to the happening of the accident by failing to use reasonable care to avoid the collision with Shaikh's vehicle.
Since the appellants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., BRATHWAITE NELSON, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court