Morocho v Brown (2022 NY Slip Op 05035)

Morocho v Brown

2022 NY Slip Op 05035

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2021-04845
 (Index No. 500845/20)

[*1]Bolivar R. Morocho, respondent,
v
Kamar N. Brown, et al., appellants.

Molod Spitz & DeSantis, P.C., New York, NY (Robert A. Von Hagen of counsel), for appellants.
Sacco & Fillas, LLP, Astoria, New York (Alex Diaz of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated June 30, 2021. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in a motor vehicle accident in Brooklyn. At the time of the accident, the plaintiff was preparing to make a U-turn from a bus lane when his vehicle collided with a minibus operated by the defendant Kamar Brown and owned by the defendant Heart to Heart Social Adult Services, LLC. The defendants moved, among other things, for summary judgment dismissing the complaint. In an order dated June 30, 2021, the Supreme Court, inter alia, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint. The defendants appeal.
"Defendants moving for summary judgment in a personal injury action must demonstrate, prima facie, that they did not proximately cause the plaintiff's injuries" (Fargione v Chance, 154 AD3d 713, 714; see Fergile v Payne, 202 AD3d 928, 930). "Since there can be more than one proximate cause of an accident, a defendant seeking summary judgment must establish freedom from . . . fault as a matter of law" (Wilson v Mazewski, 175 AD3d 1352, 1353; see Fergile v Payne, 202 AD3d at 930). "[A] driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision, to see what there is to be seen through the proper use of his or her senses, and to drive at a speed that is reasonable and prudent under the conditions, having regard to the actual and potential hazards then existing" (Pei Ru Guo v Efkarpidis, 185 AD3d 949, 951-952; see Fergile v Payne, 202 AD3d at 930).
Here, through the affidavit of Brown, as well as corroborating video from a dashboard camera and photographs taken immediately following the accident, the defendants established that Brown was traveling at a safe rate of speed in the lane of travel when he saw the plaintiff's vehicle stopped within the bus lane to the right. As the defendants' vehicle approached, the plaintiff suddenly moved his vehicle and veered to the left in an attempt to make a U-turn across the [*2]defendants' lane of traffic, colliding with the defendants' vehicle. Brown averred that he slammed on the brakes, but there was nothing he could do to avoid the plaintiff's vehicle. While a driver with the right-of-way has a duty to use reasonable care to avoid a collision, "a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Yelder v Walters, 64 AD3d 762, 764; see Adobea v Junel, 114 AD3d 818, 820; Vazquez v New York City Tr. Auth., 94 AD3d 870, 871; Vainer v DiSalvo, 79 AD3d 1023, 1024). The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the accident was solely caused by the plaintiff's negligence, inter alia, in turning his vehicle without the use of a signal and at a time when it was not reasonably safe to do so (see Vehicle and Traffic Law § 1163[a]), and that the defendants were not at fault in the happening of the accident (see Adobea v Junel, 114 AD3d at 820; Vazquez v New York City Tr. Auth., 94 AD3d at 871; Vainer v DiSalvo, 79 AD3d at 1024; Yelder v Walters, 64 AD3d at 764).
In opposition, however, the plaintiff raised a triable issue of fact as to whether Brown was negligent and a proximate cause of the accident. The plaintiff admitted that he was executing a U-turn at the relevant time, but averred that he had stopped his vehicle fully within the bus lane and, thereafter, the defendants' vehicle struck his vehicle within the bus lane. Given the conflicting accounts as to the manner in which the accident occurred, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint (see Abdenbi v Walgreen Co., 197 AD3d 1140, 1140; Brodney v Picinic, 172 AD3d 673, 674; Silverman v Johnson, 94 AD3d 860, 861).
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court