Shin v New York City Tr. Auth. (2022 NY Slip Op 06153)

Shin v New York City Tr. Auth.

2022 NY Slip Op 06153

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-05044
 (Index No. 708090/19)

[*1]Miary Shin, respondent, 
v
New York City Transit Authority, appellant, et al., defendant.

Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellant.
Sanders, Sanders, Block, Woycik, Viener & Grossman, Garden City, NY (Melissa C. Ingrassia of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Queens County (Joseph J. Risi, J.), entered July 6, 2021. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured while a passenger on a bus owned by the defendant New York City Transit Authority (hereinafter the defendant). The plaintiff, who had been standing up in preparation for getting off at the next bus stop, fell to the ground when the bus suddenly stopped. According to the operator of the bus, he brought the bus to a stop to avoid colliding with a sedan that was approaching the bus's lane of travel from a side street and failed to stop at a stop sign.
The plaintiff subsequently commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that, under the emergency doctrine, it could not be held liable for the plaintiff's alleged injuries. The Supreme Court denied the defendant's motion. The defendant appeals.
Under the emergency doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327; see Weber v Monsey New Sq. Trails Corp., 191 AD3d 929). However, the emergency doctrine does not apply where the actor "encounters a known, foreseeable hazard which he [or she] in fact observed enter his [or her] path prior to the accident or where he or she fails to be aware of the potential hazards presented by traffic conditions" (Freder v Costello Indus., Inc., 162 AD3d 984, 986 [internal quotation marks omitted]). "Both the existence of an emergency and the reasonableness of a party's [*2]response to it generally present issues of fact" (Bravo v Vargas, 113 AD3d 579, 581; see Fergile v Payne, 202 AD3d 928, 931).
Contrary to the plaintiff's contention, the defendant was not precluded from relying on the emergency doctrine by failing to plead it as an affirmative defense (see CPLR 3018[b]; Vitale v Levine, 44 AD3d 935, 936). Here, the facts relating to the existence of the emergency were not known only to the defendant. Rather, the deposition testimony of the bus operator provided a detailed description of the defendant's claim of an emergency stop, which vitiated any claim of surprise by the plaintiff (see Edwards v New York City Tr. Auth., 37 AD3d 157, 158; Bello v Transit Auth. of N.Y. City, 12 AD3d 58, 61).
However, viewing the evidence in the light most favorable to the plaintiff, the evidence submitted by the defendant revealed the existence of triable issues of fact as to the happening of the accident (see Fergile v Payne, 202 AD3d at 931; Freder v Costello Indus., Inc., 162 AD3d at 986). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
CONNOLLY, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court