Tsohla v New Way Circus Ctr. Inc (2025 NY Slip Op 50151(U))

[*1]

Tsohla v New Way Circus Ctr. Inc

2025 NY Slip Op 50151(U)

Decided on February 11, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 11, 2025
Supreme Court, Kings County

Hanna Tsohla, Plaintiff,

against
The New Way Circus Center Inc and ALEXANDRE BERENCHTEIN, Defendants.

Index No. 537189/2022

Karasik Law Group, P.C., Brooklyn (Yelena Kozlova of counsel), for Plaintiff.
DeSena & Sweeney, LLP, Bohemia (Brian Martin of counsel), for Defendants.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 12-30.
Upon the foregoing papers, having heard oral argument, and due deliberation having been had [FN1]
, the within matter is determined as follows.
Issue
Whether Defendants in this matter, The New Way Circus Center Inc. and Alexandre Berenchtein ("Defendants"), are entitled to summary judgment pursuant to CPLR 3212 on the issue of liability for a motor vehicle accident in which Plaintiff, a pedestrian, allegedly walked into Defendant Berenchtein's (Defendant-Operator's) moving vehicle in violation of Vehicle and [*2]Traffic Law (VTL) § 1152 (a)[FN2]
as Plaintiff was crossing a street which had a cement median in the middle separating directions of travel.

 Introduction
In this case, before the Court is a motion by Defendants for an order pursuant to CPLR 3212 granting moving Defendants summary judgment on the issue of liability.
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez, 68 NY2d at 324). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]).

Background
On November 3, 2022, Plaintiff sustained personal injuries in a motor vehicle accident on Brighton Beach Avenue. Plaintiff testified that on November 3, 2022, around 9:00 a.m. to 10:00 a.m., Plaintiff was a pedestrian walking towards an elevated subway entrance and attempting to cross Brighton Beach Avenue when the accident occurred.[FN3]
Despite the availability of a nearby crosswalk, Plaintiff stepped off a center divider on Brighton Beach Avenue and into the rear of the driver's side of Defendant-Operator's vehicle, according to Defendant-Operator.
Further, according to Defendant-Operator, who was driving an 18-foot Chevy Suburban, [*3]Defendant-Operator was in the left-most lane when the incident occurred, and Plaintiff was stationed in the middle of the roadway on a divider, off to Defendant-Operator's left before Plaintiff walked into the drivers' side rear door of Defendant-Operator's vehicle. Plaintiff apologized to Defendant-Operator after the incident and indicated that she did not see Defendant-Operator. Police Officer Stephen Brown ("Officer Brown") testified that the accident occurred when Plaintiff stepped out into the roadway and into Defendant-Operator's truck since Plaintiff did not cross in a crosswalk. Plaintiff claims that she sustained severe and permanent injuries while she was crossing the street on a green pedestrian signal when a vehicle owned and operated by Defendants struck her.

Defendants' Position
Defendants claim that Plaintiff's actions as the pedestrian were the sole proximate cause of the subject motor vehicle accident because Plaintiff did not have the right of way and should have yielded to traffic pursuant to VTL § 1152 (a)[FN4]
. Moreover, the record demonstrates that Defendant-Operator had an insufficient period of time and an inadequate distance to bring his motor vehicle to a stop prior to the collision with Plaintiff. According to Defendants, had Plaintiff attempted to cross the street at the available crosswalk off to her right, the incident would not have occurred. Accordingly, Defendants assert that Defendant-Operator had the right of way pursuant to VTL 1152.[FN5]

Regarding the insufficient distance and time to respond that Defendant-Operator alleges, there is certain case law which demonstrates that there is a lack of liability in cases where a party had a small period of time or distance within which to react to a given situation. For example, in Lupowitz v Fogarty (295 AD2d 576 [2d Dept 2002]), the defendants' two seconds to react from the time that they first saw the plaintiff to the impact was held as insufficient for a plaintiff to establish a triable issue of fact as to the driver's failure to avoid the collision, argued Defendants herein. In McKeaveney v Reiffert (268 AD2d 411[2d Dept 2000]), the Court held that a matter of seconds is insufficient to raise a triable issue of fact. Similarly, in Wilke v Price (221 AD2d 846 [3d Dept 1995]), the Court held that a matter of seconds was held to be an insufficient time to take evasive action. In Le Claire v Pratt (270 AD2d 612 [3d Dept 2000]), the Court held that a period of two to three seconds in which to react was held to be an insufficient period of time to establish liability. In the same vein, in Espinoza v Loor (299 AD2d 167 [1st Dept 2002], the defendant was not liable as the two-second warning prior to the collision was an insufficient period of time to take evasive action. And in Miller v Sisters of the Order of St. Dominic (262 AD2d 373 [2d Dept 1999]), summary judgment was properly awarded to the defendants as the plaintiff came out from between a stopped bus and a parked taxi just 10-15 feet from the defendants' moving vehicle. Applying the foregoing case law, Defendants assert that because [*4]Defendant-Operator testified that Plaintiff walked into the driver's side rear of his vehicle in a street location not a crosswalk, Defendant-Operator had no opportunity to avoid the contact and Defendants should thus be awarded summary judgment on the issue of liability.[FN6]

Plaintiff's Position
In opposition, Plaintiff asserts that Defendants' motion for summary judgment should be denied because there exist issues of fact precluding it. First, Plaintiff testified that in the area where she was trying to cross the street, the cars would be coming from Plaintiff's right side; Plaintiff also testified that she observed the cars standing at their red light, that there was no traffic, and that when she was crossing the street, she had the green pedestrian light which was solid and not flashing. Conversely, Defendant-Operator, a 73-year-old man, asserted that he was traveling straight for several blocks and that the light was green for him. This dispute regarding whether the light was green for Plaintiff or Defendant-Operator creates a material issue of fact in and of itself, maintains Plaintiff.
Second, Plaintiff asserts that although Defendants argue that Plaintiff stepped into Defendant-Operator's vehicle and that Plaintiff allegedly hit the rear driver's door of Defendant-Operator's vehicle, there are no photographs indicating damage to that part of the vehicle, and there are no witnesses corroborating that information. Plaintiff lost consciousness when Defendant-Operator's vehicle struck her, making the above testimony by Defendant-Operator self-serving.
Third, the police report and Officer Brown's testimony cannot be used to corroborate Defendant-Operator's statements because they are hearsay.[FN7]
Moreover, the police report shows that Defendant-Operator stated that Plaintiff stepped out from behind a truck. However, during his deposition, Defendant-Operator testified that there was a truck in front of him in the left lane, and that that truck switched to the right lane, resulting in Defendant-Operator having the lane free to himself. Defendant-Operator attempted to change his testimony several times during the deposition, even though his first response was that he saw Plaintiff ahead of him as she was [*5]crossing the road.
Lastly, Defendants' claim that Plaintiff was not using the crosswalk, according to Plaintiff, is immaterial to the issue of liability because it is undisputed that Defendant-Operator's vehicle made contact with Plaintiff who was crossing the street. Defendant-Operator admitted that he knew the area where the incident occurred well, and that he knew that pedestrians crossed that specific street, namely on Brighton Beach Avenue, in a fashion similar to Plaintiff.
Accordingly, Plaintiff asserts that Defendants cannot prove that Plaintiff solely caused the accident because Defendants' own evidence shows that Defendant-Operator bears at least partial fault in striking Plaintiff with his vehicle. As such, according to Plaintiff, any alleged fault on the part of Plaintiff would affect the damages portion of the case and cannot sustain a motion for summary judgment on liability, citing Rodriguez v City of New York (31 NY3d 312 [2018]).
During oral argument, Plaintiff's counsel noted that Plaintiff testified that she did not remember anything after she walked into the vehicle, but does remember that before the incident, she crossed half of Brighton Beach Avenue, looked to the right to ensure that there were no vehicles, noticed that the light was green for pedestrians, and proceeded into the roadway. Accordingly, Plaintiff claims that the traffic light for pedestrians was green, and Defendant-Operator claims that the traffic light for vehicles was red.

Discussion
An order pursuant to CPLR 3212 granting moving Defendants summary judgment on the issue of liability here would not be appropriate because material issues of fact exist. For example, as seen in Defendant-Operator's deposition transcript, Defendant-Operator stated that he first saw Plaintiff standing on the border between the two directions of traffic on Brighton Beach Avenue, that he saw Plaintiff walking and not stopping, and that Plaintiff looked like an elderly Russian woman. Defendant-Operator went on to explain that after he started moving his vehicle forward, Plaintiff started crossing the street and Defendant-Operator realized that Plaintiff was not looking at Defendant-Operator's car, causing Defendant-Operator to quickly turn the steering wheel to the right and stop his car. At that moment, Plaintiff walked into Defendant-Operator's left rear door of his car.
On the other hand, however, Plaintiff avers that she observed the cars standing at their red light, there was no traffic, and when she was crossing the street, she had the green pedestrian light which was solid and not flashing. The police report shows that Defendant-Operator stated that Plaintiff stepped out from behind a truck. However, during his deposition, Defendant-Operator testified that there was a truck in front of him in the left lane, and that that truck switched to the right lane, resulting in Defendant-Operator having the lane free to himself.
It has been held as follows:
"Defendants moving for summary judgment in a personal injury action must demonstrate, prima facie, that they did not proximately cause the plaintiff's injuries" (Fargione v Chance, 154 AD3d 713, 714 [2017]; see Fergile v Payne, 202 AD3d 928, 930 [2022]). "Since there can be more than one proximate cause of an accident, a defendant seeking summary judgment must establish freedom from . . . fault as a matter of law" (Wilson v Mazewski, 175 AD3d 1352, 1353 [2019]; see Fergile v Payne, 202 [*6]AD3d at 930). "[A] driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision, to see what there is to be seen through the proper use of his or her senses, and to drive at a speed that is reasonable and prudent under the conditions, having regard to the actual and potential hazards then existing" (Pei Ru Guo v Efkarpidis, 185 AD3d 949, 951-952 [2020]; see Fergile v Payne, 202 AD3d at 930). (Morocho v Brown, 208 AD3d 777, 777 [2d Dept 2022].)
In many instances, lawsuits by pedestrians who were struck by drivers present competing versions of what transpired and who was responsible, thus leading to situations where summary judgment is denied, there being material issues of fact (e.g. Cator v Filipe, 47 AD3d 664 [2d Dept 2008]). The instant case is one of them.
"Given the conflicting accounts as to the manner in which the accident occurred, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint" (id. at 778). Likewise, in the instant case, due to the divergent accounts of how the accident occurred, Defendant's motion for summary judgment on the issue of liability, which, if granted, would result in dismissal of the complaint, must be denied.
Although Plaintiff may have violated VTL 1152 (a), as argued by Defendants, the latter did not demonstrate freedom from fault as a matter of law — a driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision, to see what there is to be seen through the proper use of his or her senses, and to drive at a speed that is reasonable and prudent under the conditions, having regard to the actual and potential hazards then existing. This was not established by Defendants as being uncontested.

Conclusion
Accordingly, IT IS HEREBY ORDERED that Defendants' motion for an order pursuant to CPLR 3212 granting them summary judgment on the issue of liability is DENIED.

Footnotes

Footnote 1:Counsel are reminded of the provisions requiring that an opinion or decision be included in the record on appeal should one be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2:Vehicle and Traffic Law § 1152 provides as follows:
 "(a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway.
 
(b) Any pedestrian crossing a roadway at a point where a pedestrian tunnel or overhead pedestrian crossing has been provided shall yield the right of way to all vehicles upon the roadway.
 
(c) No pedestrian shall cross a roadway intersection diagonally unless authorized by official traffic-control devices; and, when authorized to cross diagonally, pedestrians shall cross only in accordance with the official traffic-control devices pertaining to such crossing movements." (VTL 1152 [emphasis added].)

Footnote 3:Brighton Beach Avenue is a roadway with a 2-way street with 2 lanes in each direction of travel and \a cement median separating the directions of travel in the middle of the roadway.

Footnote 4:VTL 1152 [a] states that every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway (VTL 1152 [a].)

Footnote 5:Here, Plaintiff admitted that she attempted to cross the subject roadway at a location other than within an available crosswalk which Defendant confirmed at his deposition and which Officer Brown memorialized in his police report.

Footnote 6:Moreover, during oral argument, Defendants' counsel noted that Defendant-Operator testified that traffic was heavy on the date of the incident as Defendant-Operator was heading in the left-most lane on Brighton Beach Avenue near the Ocean Parkway intersection. Further, it was noted that the incident happened very quickly.

Footnote 7:According to Memenza v Cole (131 AD3d 1020, 1021-1022 [2d Dept 2015]), "Facts stated in a police report that are hearsay are not admissible unless they constitute an exception to the hearsay rule. Pursuant to CPLR 4518(a), a police accident report is admissible as a business record so long as the report is made based upon the officer's personal observations and while carrying out police duties. If information contained in a police accident report was not based upon the police officer's personal observations, it may nevertheless be admissible as a business record 'if the person giving the police officer the information contained in the report was under a business duty to relate the facts to him [or her].' If the person giving the police officer the information was not under a business duty to give the statement to the police officer, such information 'may be proved by a business record only if the statement qualifies [under some other] hearsay exception, such as an admission.' "